S. A. Brooks *v.* The State.

"Local Option Act." *Sale of alcohol by druggist. Physician's prescription. Criminal law.*

It is not a violation of the "Local Option Act," approved March 11, 1886 (Acts of 1886, p. 35), which authorizes a licensed druggist to sell "pure alcohol for medicinal purposes," for one so licensed to make such sale without the prescription of a physician.

Appeal from the Circuit Court of Lee County.
Hon. L. E. Houston, Judge.

S. A. Brooks was indicted for selling liquor in violation of the provisions of the "local option" act, approved March 11, 1886. On the trial the evidence showed that defendant, a licensed druggist, sold alcohol to one Miller for medicinal purposes, and that it was bought by the latter for medicine, and so used, except a small part which he drank as a beverage; and that Miller had no prescription or certificate from a physician.

Thereupon the court instructed the jury for the State as follows: "If the jury believe from the testimony that the defendant sold alcohol to the witness, and that the witness did not present to the defendant at any time a prescription of a physician for said alcohol, they will find the defendant guilty as charged."

The court refused an instruction asked by the defendant as follows: "If the jury believe from the evidence that the defendant was a licensed druggist and that he sold alcohol in good faith for medical purposes, then they should find him not guilty."

The defendant was convicted. He appealed to this court.

The "local option" act approved March 11, 1886 (Acts of 1886, p. 35), provides, "That nothing in this act shall be so constructed as to prevent the manufacture of wine or cider for domestic or sacramental purposes, nor shall anything herein contained prevent licensed druggists from selling or furnishing pure alcohol for medicinal or scientific or mechanical purposes."

*A. J. Russell* and *J. L. Finley*, for the appellant.

The charge given for the state is wrong. The testimony shows no violation of the act, but upon the contrary it shows a complete and perfect compliance with the act in selling for the identical purposes allowed by law and in perfect good faith, and unless the court had the power to supply that which he thought the legislature ought to have put in, but which they did not do, then this case must be reversed.

*T. M. Miller*, Attorney General, for the State, submitted the case without argument.

CAMPBELL, J., delivered the opinion of the Court.

The instruction asked by the state should have been refused, and that asked by the defendant should have been given.

A prescription by a physician is not necessary to enable one to purchase alcohol of a druggist for medicinal purposes. A licensed druggist may lawfully sell "pure alcohol for medicinal or scientific or mechanical purposes," by express authority of Sec. 9 of "An act for preventing the evils of intemperance, etc.," approved, March 11, 1886, which does not require any certificate of any person, and the only question in case of an indictment for such sale is whether the sale was for the purpose authorized.            *Reversed and remanded.*